### (July 30, 1981)

■ In the Matter of JACQUELINE B. COMMISSIONER OF SOCIAL SERVICES OF THE CITY OF NEW YORK, Appellant; MARY B., Respondent. — In a neglect proceeding, petitioner appeals from an order of the Family Court, Queens County, dated May 29, 1981, which dismissed the petition upon the granting of respondent's motion to dismiss at the close of the petitioner's case. Order reversed, without costs or disbursements, petition reinstated, and matter remitted to the Family Court for a new hearing and further proceedings, which are to be conducted forthwith. The proceedings shall take place before a Judge other than the one who presided at the hearing under review. Prior to the new hearing, the Judge shall appoint either a pediatric orthopedist or, alternatively, an orthopedist, to examine the subject child and report his findings. All parties agree that Jacqueline has scoliosis, the treatment of which is dependent upon the cause and degree of the malformation. The Family Court erred by dismissing the petition at the close of the petitioner's case and failing to *sua sponte* order an evaluation of the subject child by a medical expert so that the degree of impairment and her medical needs could be more accurately assessed, thereby aiding the court in its determination as to the presence or absence of medical neglect. The necessity for expert evaluation was particularly evident considering the unrebutted testimony by the school pediatrician (whose function is that of diagnosis and referral) that it was his impression that between October, 1980 and May, 1981 Jacqueline's scoliosis had worsened; that she had reached the stage where some treatment was definitely necessary; and that she should be referred for orthopedic treatment. Expert medical examination cannot be withheld until the time the malformation *patently* impairs Jacqueline's day-to-day activities. Jacqueline's best interests require, and we hereby direct, that this matter be referred forthwith to a Judge of the Family Court other than the one before whom the hearing under review was conducted, and that such newly assigned Judge forthwith appoint either a pediatric orthopedist, or alternatively, an orthopedist, to

examine the subject child and report his findings. Mollen, P.J., Titone, Mangano, Thompson and Bracken, JJ., concur.